LipscoMb, J.
"We do not believe that the question, whether a defaulting tax collector can legally offset a demand he may have, when sued on his bond, is presented. If such a defense could have been set up. he certainly could not, after so much delay and on the eve of going into trial, have filed an additional answer as a matter of right, and it could only have been done by an application to the discretion of the court. As presented, it is not subject to revision. There were other objections taken to the opinion of the court below, but (there being no statement of facts) they have the appearance of abstract questions of law; such as a request to charge on the right of the defendant to credits for insolvencies, when we are not informed that the slightest evidence was introduced or offered of an insolvency. A party wishing to avail himself of any supposed error in the opinion of the *(399) court should present it in such form as to show its relevancy. Had there been testimony offered of an insolvency in a tax payer, it ought to have been shown in the statement of facts or connected with the charge of the court, supposed to be erroneous, in the bill of exceptions. From what appears on the record, the opinion of the judge on this subject, whether right or wrong, was wholly irrelevant and must be dismissed from our consideration in this case. There is another ground on which we have been asked to reverse the judgment in this case; that is, that as to Moore, the collector, the verdict of the jury and the judgment of the court is for more than the plaintiff claimed in his petition. ¥e believe this objection to be well founded. If the object of the suit was to seek a judgment against Moore for the full amount of his defalcation, the petition should have been so moulded as to embrace that object. Against the securities the judgment could not have exceeded their bond, but it might, have been rendered against the collector for the excess. The petition sets out the bond to be for five thousand dollars good and lawful money of Texas, and prays judgment for that amount. The verdict is for so many dollars without reference to the currency. The judgment follows the verdict as to the amount, but proceeds to add that it may be discharged in the promissory notes of the government. This was added for the benefit of the defendants, the court knowing that by law the taxes were allowed to be p^id to the collector in that currency. Third, from the history of the times that it was not equal to gold and silver. This was no ground of objection on the part of the defendant.
But on the ground above mentioned the judgment will be reversed as to the said Moore, and remanded unless the excess over the amount of the bond is released in this court.